## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
**RONALD SPADDY, and**                    )
**SHERNETTE MONTGOMERY,**                  )
                                          )
      **Plaintiffs,**                  )
                                          )
**v.**                                     )
                                          )
**MASSACHUSETTS APPEALS COURT;** )    **C.A. 1:15-cv-11809-IT**
**PHILLIP RAPOZA, in his individual and** )
**Official capacity as Chief Justice of**  )
**Massachusetts Appeals Court; and**       )
**PAULA M. CAREY, Chief Justice for**      )
**Administration and Management of the**   )
**Trial Court, in her official capacity,** )
                                          )
      **Defendants.**                   )
_____)

## MEMORANDUM IN SUPPORT
## OF DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants Massachusetts Appeals Court ("Appeals Court"), Chief Justice Phillip

Rapoza ("Rapoza"), Massachusetts Trial Court ("Trial Court"), and Chief Justice for

Administration and Management of the Trial Court Paula M. Carey ("Carey") submit this

memorandum in support of their partial motion to dismiss. As grounds therefore, the Appeals

Court, Trial Court and Rapoza state that both Count I (which asserts a claim for equitable and

injunctive relief pursuant to 42 U.S.C. § 1983) and Count III (which asserts a claim pursuant to

G.L. c. 151B) must be dismissed because the Eleventh Amendment to the United States

Constitution provides the Commonwealth and its agencies and officials with immunity from suit

in federal court. Defendant Carey states that Count I must be dismissed against her because it

fails to state a claim for relief under well-established law.

## BACKGROUND

Plaintiffs Ronald Spaddy ("Spaddy") and Shernette Montgomery ("Montgomery") (collectively "plaintiffs") are employees of the Massachusetts Appeals Court.  Compl. ¶¶ 1, 2.

Spaddy was hired by the Commonwealth as an Associate Court Officer in early 1994.  *Id.* at ¶ 16.  In March 1994 Spaddy was appointed as lead Associate Court Officer.  *Id.*  In November 1994 Spaddy was promoted to Security Supervisor.  *Id.*  In 1999, Spaddy was hired as a Court Officer for the Appeals Court.  *Id.* at 18.

Montgomery was hired by the Commonwealth as an Appeals Court Officer in March 1994.  *Id.* at ¶ 22.

Leo Ajenian was appointed to the position of Chief Court Officer in June 2012.  *Id.* at ¶ 31.  Neither Spaddy nor Montgomery, nor anyone else, applied for the position of Chief Court Officer.  *Id.* at 7, 35.  Plaintiffs Spaddy and Montgomery remain employed by the Massachusetts Appeals Court.  *Id.* at 1, 2.

## STANDARD OF REVIEW

Rule 12(b)(2) of the Federal Rules of Civil Procedure requires dismissal of any claims against a defendant over whom this Court has no personal jurisdiction.  Fed.R.Civ.P. 12(b)(2).

The standard for reviewing the sufficiency of a complaint is well-established:

> While a complaint attacked by a motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief   requires more than labels and conclusions.  Factual allegations must be enough to raise a right to relief above the speculative level based on the assumption that all the allegations in the complaint are true (even if doubtful in fact).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Under this standard, the plaintiff is required to allege specific facts supporting his claims; conclusory or speculative claims are not sufficient.  What is required to survive a Rule 12(b)(6)

motion are factual "allegations plausibly suggesting (not merely consistent with)" an entitlement

to relief, in order to "reflect the threshold requirement that the plain statement possess enough

heft to sho[w] that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557.

The United States Supreme Court clarified and confirmed the revised pleading standard

in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court stated: "As the Court held in *Twombly*, the

pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (citation

omitted).

## ARGUMENT

**I.     COUNT I AGAINST THE APPEALS COURT AND TRIAL COURT MUST BE DISMISSED BECAUSE THE APPEALS COURT AND TRIAL COURT[1] ARE ENTITLED TO ELEVENTH AMENDMENT SOVEREIGN IMMUNITY FROM SUIT IN FEDERAL COURT.**

Count I of the plaintiffs' complaint asserts a 42 U.S.C. § 1983 claim against both the

Appeals Court and Trial Court. These claims must be dismissed because the Eleventh

Amendment to the United States Constitution provides the Commonwealth and its agencies with

immunity from suit in federal court.

"The Eleventh Amendment prohibits suits against a state in federal court whether for

injunctive, declaratory or monetary relief. *Pennhurst State School Hosp. v. Halderman,* 465 U.S.

89, 98-101 (1984); *Quern v. Jordan,* 440 U.S. 332 (1979). *Ex parte Young* suits should

expressly designate the defendant official as being sued in her official capacity. Neither the state

---

[1] It is disputed that the Trial Court has properly been named as a defendant in this action. While plaintiffs name the Trial Court in the heading of Count I, the trial court is not named as a defendant in the PARTIES section of the complaint, nor in the caption or in the body of Count I where plaintiff seeks an order for injunctive relief.

nor a state agency can be named as the defendant. *Pennhurst* 465 U.S. at 121. *See also Cory v. White,* 457 U.S. 85, 90–91 (1982) (the Eleventh Amendment bars citizens from bringing suits in federal court against a state for prospective relief or for money damages unless immunity is waived by the state or abrogated by the United States Congress). The Commonwealth of Massachusetts has not waived its sovereign immunity or otherwise consented to suit in federal court for claims arising under 42 U.S.C. 1983. Furthermore, a state is not a person within the meaning of section 1983. *Will v. Michigan,* 491 U.S. 58 (1989). The plaintiffs' claims against the Commonwealth of Massachusetts (i.e., the Appeals Court and Trial Court) are therefore barred by the Eleventh Amendment and do not fall within the purview of section 1983. *See Lawson v. Shelby County*, 211 F.3d 331, 335 (6th Cir. 2000).

## II. COUNT III MUST BE DISMISSED BECAUSE THE APPEALS COURT AND RAPOZA ARE ENTITLED TO ELEVENTH AMENDMENT SOVEREIGN IMMUNITY FROM CHAPTER 151B CLAIMS.

Count III of the plaintiffs' complaint asserts a Chapter 151B claim. This claim must be dismissed because the Eleventh Amendment to the United States Constitution provides the Commonwealth and its agencies with immunity from Chapter 151B claims in federal court. The Eleventh Amendment holds that States are not subject to suit in the Federal Courts of the United States. Instead, the States are entitled to sovereign immunity. The Federal Courts have long held that they lack jurisdiction to entertain suits against individual States, unless the State has waived sovereign immunity or Congress has properly abrogated immunity. *See, e.g.*, *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890) ("For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting states 'was not contemplated when establishing the judicial power of the United States.")). *See also Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("Unless a State has waived

Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought."). Eleventh Amendment immunity applies not only to the States, but to State agencies and state officials sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989).

The Commonwealth of Massachusetts "has not waived its sovereign immunity or otherwise consented to suit in federal court for claims arising under c. 151B." *Fenton v. University of Mass.*, 2010 WL 4027737, *3 (D. Mass. 2010) (citing *Rivera v. Massachusetts*, 16 F.Supp.2d 84 (D. Mass. 1998)). Although the Massachusetts Supreme Judicial Court has held that the Massachusetts Legislature waived the Commonwealth's immunity from Chapter 151B claims in Massachusetts state courts, *see Bain v. City of Springfield*, 424 Mass. 758 (1997), federal courts have held that the Commonwealth has not waived its sovereign immunity from Chapter 151B suits in federal court, *Adams v. Massachusetts Dep't of Revenue*, 510 F.Supp.2d 157, 160 (D. Mass. 2007) (explaining that Chapter 151B makes reference to the state superior, probate, and housing courts as venues for suits, but never refers to the federal courts). It has also been noted that Chapter 151B "does not contain . . . a provision that specifically authorizes suit against the state to proceed in federal court." *Moorer v. Dep't of Social Services*, 2010 WL 3258609, *6 (D. Mass. 2010) (citing *Lynch v. Mass. State Senate*, 495 F.Supp.2d 175, 179 (D. Mass. 2007)). Here, the Appeals Court, as an agency of the Commonwealth, and Rapoza, as its Chief Justice, are entitled to Eleventh Amendment immunity. As a result, Count III of the plaintiffs' complaint should be dismissed.

**III.  COUNT I AGAINST CAREY MUST BE DISMISSED BECAUSE PLAINTIFFS FAIL TO ALLEGE ANY ACTS OR OMISSIONS CAREY TOOK TO DEPRIVE THEM OF ANY RIGHTS SECURED BY THE CONSTITUTION OR LAWS.**

Under a § 1983 theory of recovery, plaintiffs' claims against Carey should also be dismissed because they do not allege any specific acts or omissions that Carey took that deprived them of any rights secured by the constitution or laws.  Liability under § 1983 arises only if "a plaintiff can establish that his or her constitutional injury resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization." *Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 47 (1st Cir. 2012) (internal quotation marks omitted).  Even read in the light most favorable to the plaintiffs, the complaint does not state a plausible claim that Carey took actions to deprive plaintiffs of any rights secured by the constitution or laws.

Plaintiffs cannot state a claim under § 1983 for discrimination against Carey because there are simply no allegations that she caused plaintiffs' injury.  *See Maldonado v. Fontanes*, 568 F.3d 263, 274 (1st Cir. 2009) (finding allegations against mayor did not establish that his involvement was sufficiently direct to hold him liable for violating plaintiff's constitutional rights).  Rather, plaintiffs allege that it was Rapoza that failed to provide plaintiffs with opportunities for promotion.  Plaintiffs' only mention of Carey is simply to identify her as the Chief Justice for Administration and Finance of the Trial Court.  That's it.  Accordingly, plaintiffs' complaint fails to state a claim for relief and must be dismissed against Carey.

## CONCLUSION

The Appeals Court and Trial Court respectfully request that Count I of plaintiff's complaint be dismissed against them.  The Appeals Court and Rapoza respectfully request that Count III be dismissed.  Carey respectfully requests that Count I against her be dismissed.

RESPECTFULLY SUBMITTED,

Defendants,
MASSACHUSETTS APPEALS COURT, PHILLIP
RAPOZA, MASSACHUSETTS TRIAL COURT and
PAULA CAREY
By its Attorneys,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Jeffrey T. Collins
Jeffrey T. Collins, BBO#640371
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108
(617) 963-2312
Date: October 8, 2015          jeffrey.collins@state.ma.us

**<u>Certificate of Service</u>**

      I, Jeffrey T. Collins, hereby certify that I have this day, October 8, 2015, served the foregoing document upon all parties by electronically filing to all ECF registered parties and by sending a copy via first-class mail, postage-prepaid, to all unregistered parties.

                             /s/ Jeffrey T. Collins
                             Jeffrey T. Collins

## Certification Pursuant to Local Rule 7.1(a)(2)

I certify that I attempted to confer with plaintiff prior to the filing of this motion in a good faith effort to resolve or narrow the issues presented in the motion.

/s/ Jeffrey T. Collins
Jeffrey T. Collins (BBO #640371)