UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RONALD SPADDY, and SHERNETTE MONTGOMERY, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 15-cv-11809-IT |
| MASSACHUSETTS APPEALS COURT, and PHILLIP RAPOZA, in his individual capacity, | * * * * | |
| Defendants. | * | |

MEMORANDUM & ORDER

January 19, 2016

TALWANI, D.J.

Plaintiffs Ronald Spaddy ("Spaddy") and Shernette Montgomery ("Montgomery") (collectively "Plaintiffs") bring this action against Defendants Massachusetts Appeals Court ("Appeals Court") and former Chief Justice of the Appeals Court Phillip Rapoza ("Rapoza") alleging unlawful discrimination. Defendants move to dismiss some of Plaintiffs' claims based on Eleventh Amendment sovereign immunity and for failure to state a claim. For the following reasons, the court ALLOWS IN PART Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [#16].

I.  Legal Standard

In ruling on a motion to dismiss, whether for lack of jurisdiction or for failure to state a claim on which relief may be granted, the court must accept the plaintiffs' well-pleaded factual allegations and draw all reasonable inferences in the plaintiffs' favor. See Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008) (Rule 12(b)(6)); Valentin v.

Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001) (Rule 12(b)(1)).  A motion to dismiss based on sovereign immunity is treated as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

II.     Facts Alleged in the Amended Complaint

Spaddy and Montgomery are Court Officers employed by the Appeals Court.  Am. Compl. [#11] ¶¶ 1, 2.  Spaddy is "Black or African American" and Montgomery is "racially identifiable as Black or African American."  Id. ¶¶ 1, 2.

In May 2012, then Chief Justice Rapoza appointed Leo Ajemian, a white man, to succeed the outgoing Chief Court Officer, effective June 1, 2012.  Id. ¶ 30.  Plaintiffs allege that Ajemian has "a little more service" experience but fewer education qualifications than Montgomery and Spaddy.  Id. ¶ 7.  Plaintiffs allege that they were more qualified for the Chief Court Officer position than Ajemian and that a substantial factor in their non-selection for the position was race.  Id. ¶¶ 32-33.

Plaintiffs further allege that very few racial minorities have been hired or promoted within the Appeals Court to any significant managerial positions and that Defendants have a demonstrated practice of hiring or promoting white candidates to unposted positions to which minority applicants do not have the opportunity to apply.  Id. ¶¶ 35-39.

III.    Analysis

   A.  Count I

Count I of the Amended Complaint, asserting violations of 42 U.S.C. § 1983, is brought against the Appeals Court only.  The Eleventh Amendment prohibits suit "against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  Both states and "arms of the state" enjoy Eleventh Amendment sovereign

immunity.  See Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 99 (1st Cir. 2002) (citing In re San Juan Dupont Plaza Hotel Fire Litig., 888 F.2d 940, 942 (1st Cir. 1989)).  The Appeals Court is part of the judicial branch of the state government and is therefore an "arm of the State" entitled to Eleventh Amendment sovereign immunity.  See Mass. Gen. Laws. ch. 211A *et seq.* (creating the Appeals Court); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims against Massachusetts trial court on Eleventh Amendment immunity grounds).  Accordingly, the court lacks subject matter for Count I.

Plaintiffs argue that the claim is permissible because they seek only "equitable, injunctive and declaratory relief."  In the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment, "regardless of the nature of the relief sought."  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

Moreover, the Commonwealth of Massachusetts is not a "person" for purposes of § 1983 liability.  See Will v. Michigan, 491 U.S. 58, 71 (1989) (holding that a State is not a person under § 1983).  Count I therefore further fails to state a claim.  For both reasons, Count I is dismissed.

### B.  Counts III and IV

In Counts III and IV, Spaddy alleges that both the Appeals Court and Rapoza violated Title VII and Mass. Gen. Laws ch. 151B.  Both Defendants move to dismiss these counts.

#### 1.  The Appeals Court

The Appeals Court contends that it is immune from the Chapter 151B portions of Counts III and IV.  Again, as an arm of the state, the Appeals Court is entitled to Eleventh Amendment immunity for suits brought under state law in federal court.  Pennhurst, 465 U.S. at 106.

3

Moreover, although the Massachusetts Supreme Judicial Court has held that the Commonwealth has waived its sovereign immunity for suits brought in state court under Chapter 151B, <u>Bain v. City of Springfield</u>, 678 N.E.2d 155 (Mass. 1997), this waiver of immunity does not extend to suits brought in federal court.  <u>See</u> <u>Adams v. Mass. Dep't of Revenue</u>, 510 F. Supp. 2d 157, 159-160 (D. Mass. 2007) (noting that Mass. Gen. Laws ch. 151B affords superior and probate courts with jurisdiction but is silent as to federal courts); <u>Lynch v. Mass. State Senate</u>, 495 F. Supp. 2d 175, 179 (D. Mass. 2007) ("[Eleventh Amendment immunity] may be lifted if the relevant state law contains a provision specifically authorizing suit against the state to proceed in federal court. [Mass. Gen. Laws ch. 151B] does not contain such a provision.").  Accordingly, the Appeals Court is immune in this court from Spaddy's Chapter 151B claims in Counts III and IV.

The Supreme Court has held, however, that Congress abrogated the states' Eleventh Amendment immunity from Title VII suits.  <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445, 452 (1976).  Because the Appeals Court is not immune as to the Title VII claims in Counts III and IV, those counts will not be dismissed.

2. <u>Former Chief Justice</u> <u>Rapoza</u>

Defendants also move dismiss the Title VII portions of Counts III and IV as alleged against Rapoza in his individual capacity because "there is no individual employee liability under Title VII." <u>Fantini v. Salem State Coll.</u>, 557 F.3d 22, 30 (1st Cir. 2009).  Plaintiffs agree that the Title VII portion of Counts III and IV should not be alleged against Rapoza.  Again, however, because Spaddy may assert a claim against Rapoza under Chapter 151B, counts III and IV are not dismissed as to Rapoza.

IV.     Conclusion

For the foregoing reasons, Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [#16] is ALLOWED IN PART and Count I is dismissed.

IT IS SO ORDERED.

Date: January 19, 2016                                         /s/ Indira Talwani
                                                               United States District Judge