UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD SPADDY, and <br> SHERNETTE MONTGOMERY, <br><br> Plaintiffs, <br><br> v. <br><br> MASSACHUSETTS APPEALS COURT; <br> PHILLIP RAPOZA, in his individual <br> capacity; SCOTT KAFKER, CHIEF <br> JUSTICE of the MASSACHUSETTS <br> APPEALS COURT, in his official <br> capacity; and PAULA M. CAREY, <br> CHIEF JUSTICE of the TRIAL COURT, <br> in her official capacity; <br><br> Defendants. | C.A. 1:15-cv-11809-IT |

## CHIEF JUSTICE PAULA M. CAREY'S MOTION FOR PROTECTIVE ORDER

Defendant Paula M. Carey, Chief Justice of the Trial Court, in her official capacity ("CJ Carey") moves for a protective order pursuant to Fed.R.Civ.P. 26(c). As grounds therefore, CJ Carey states that good cause exists for the protective order to issue. As defense counsel indicated in Court at the hearing on September 8, 2016, CJ Carey will be filing a motion for judgment on the pleadings to, again,[1] dismiss the one claim against her (in her official capacity) in the next 30 days. Therefore, in the interest of justice and economy, CJ Carey should not be forced to undergo extensive and expensive discovery prior to the disposition of the motion.

## BACKGROUND

Plaintiffs Ronald Spaddy ("Spaddy") and Shernette Montgomery ("Montgomery")

---

[1] CJ Carey has already once been dismissed from this action. Nothing has changed since that dismissal. The same claim was brought against her in plaintiffs' amended complaint. As a result, CJ Carey should again be dismissed from this action.

(collectively "plaintiffs") are employees of the Massachusetts Appeals Court. Amended Complaint ¶¶ 1, 2.

In 1999, Spaddy was hired as a Court Officer for the Appeals Court. *Id.* at 17. Montgomery was hired as an Appeals Court Officer in March 1994. *Id.* at ¶ 21.

Leo Ajenian was appointed to the position of Chief Court Officer at the Appeals Court in June 2012. *Id.* at ¶ 30. Neither Spaddy nor Montgomery, nor anyone else, applied for the position of Chief Court Officer at the Appeals Court. *Id.* at 6, 34. Plaintiffs Spaddy and Montgomery remain employed by the Massachusetts Appeals Court. *Id.* at 1, 2.

## ARGUMENT

### I. JUSTICE AND ECONOMY DICTATE THAT A MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE RESOLVED BEFORE REQUIRING CJ CAREY TO ENGAGE IN EXTENSIVE AND EXPENSIVE DISCOVERY.

For good cause shown, the Court may enter a protective order to prohibit or limit discovery from any person from whom discovery is sought. *Haemonetics v. Baxter Healthcare Corp.*, 593 F.Supp.2d 298, 301 (2009). The discovery deadline is February 15, 2017 in this case. No party will be prejudiced by a brief stay of discovery – concerning CJ Carey only[2] – while CJ Carey files (and awaits a ruling on) a motion for judgment on the pleadings.

### II. CJ CAREY IS THE CHIEF JUSTICE OF THE TRIAL COURT. AS PLAINTIFFS' COMPLAINT SHOWS (AND CJ CAREY'S MOTION WILL SHOW), PLAINTIFFS' CLAIMS CONCERN THE MASSACHUSETTS APPEALS COURT, NOT THE TRIAL COURT.

CJ Carey has already been dismissed from this action once, and for good reason: this matter involves the Appeals Court, not the Trial Court (or CJ Carey), a whole separate entity. A plain reading of plaintiffs' complaint (and the basis of this Court's earlier dismissal of CJ Carey) confirms that plaintiffs' allegations concern only the Appeals Court, not the Trial Court.

---

[2] Discovery concerning all of the other defendants is ongoing, and will continue to proceed.

Plaintiffs have only a 42 U.S.C. § 1983 claim against CJ Carey, however, as a plain reading of the complaint reveals, plaintiffs' do not allege any specific acts or omissions that CJ Carey took that deprived them of any rights secured by the constitution or laws.[3]  This will be outlined in more detail by way of the motion for judgment on the pleadings that CJ Carey will file in the next 30 days.  As a result, CJ Carey (i.e., the Trial Court) should not be forced to undergo extensive and expensive discovery when her dismissal is likely.

## **CONCLUSION**

CJ Carey respectfully requests that the Court stay discovery *concerning her in her official capacity only* to allow her to file – in the next 30 days – a motion for judgment on the pleadings, and for said motion to be resolved by this Court.

RESPECTFULLY SUBMITTED,

Defendant,
PAULA M. CAREY, Chief Justice of the Trial Court,
in her official capacity,
By her Attorneys,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Jeffrey T. Collins
Jeffrey T. Collins, BBO#640371
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108
(617) 963-2312

Date: October 14, 2016    jeffrey.collins@massmail.state.ma.us

---

[3] Liability under § 1983 arises only if "a plaintiff can establish that his or her constitutional injury resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization." *Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 47 (1st Cir. 2012).

**Certificate of Service**

  I, Jeffrey T. Collins, hereby certify that I have this day, October 14, 2016, served the foregoing document upon all parties by electronically filing to all ECF registered parties and by sending a copy via first-class mail, postage-prepaid, to all unregistered parties.

               /s/ Jeffrey T. Collins
               Jeffrey T. Collins

## **Certification Pursuant to Local Rule 7.1(a)(2)**

I certify that I attempted to confer with plaintiffs prior to the filing of this motion in a good faith effort to resolve or narrow the issues presented in the motion.

/s/ Jeffrey T. Collins  
Jeffrey T. Collins (BBO #640371)
