## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                      )
**RONALD SPADDY, and**                                )
**SHERNETTE MONTGOMERY,**                             )
                                                      )
**Plaintiffs,**                                       )
                                                      )
**v.**                                                )
                                                      )
**MASSACHUSETTS APPEALS COURT;**                      )   **C.A. 1:15-cv-11809-IT**
**PHILLIP RAPOZA, in his individual**                 )
**capacity; SCOTT KAFKER, CHIEF**                     )
**JUSTICE of the MASSACHUSETTS**                      )
**APPEALS COURT, in his official**                    )
**capacity; and PAULA M. CAREY,**                     )
**CHIEF JUSTICE of the TRIAL COURT,**                 )
**in her official capacity;**                         )
                                                      )
**Defendants.**                                       )
_____)

### MEMORANDUM IN SUPPORT OF
### CHIEF JUSTICE PAULA M. CAREY'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

The plaintiffs are employees of the Massachusetts Appeals Court who claim they were discriminated against when Defendant Rapoza, then-Chief Justice of the Appeals Court, appointed a higher-ranking white male with more seniority to the position of Chief Court Officer, rather than both of the plaintiffs.  Plaintiffs have claims against both Justice Rapoza and the Massachusetts Appeals Court arising out of this promotion.  Defendant Paula M. Carey, in her official capacity as Chief Justice of the Trial Court (not the Appeals Court), moves for judgment on the pleadings because there is no allegation that the Trial Court was involved in the promotion decision at issue or took part in any other wrongful act with respect to the plaintiffs or anyone else.

## Facts Alleged In Second Amended Complaint

Plaintiffs Ronald Spaddy and Shernette Montgomery are employees of the Massachusetts Appeals Court.  Second Amended Complaint ("SAC"), ¶¶ 1, 2.  Spaddy was hired as a Court Officer for the Appeals Court in 1999.  *Id.*, ¶ 19.  Montgomery was hired as a Court Officer for the Appeals Court in March 1994.  *Id.*, ¶ 23.

Plaintiffs were notified through an Appeals Court court-wide email on May 10, 2012 that, upon the retirement of the Chief Court Officer at the end of May 2012, Leo Ajamian, a white male, would become the new Chief Court Officer.  *Id.*, ¶ 7.  Ajamian had served as Assistant Chief Court Officer since 1999, *id.*, ¶ 19, and also had more seniority than the plaintiffs.  *Id.*, ¶ 9. Plaintiffs allege the selecting official, Defendant Rapoza, the former Chief Justice of the Appeals Court, failed to select both Spaddy and Montgomery for the position because of their race.  *Id.*, ¶ 3, 10.  There was no posting or recruitment for the position, no review boards or interviews, and the selecting official, Justice Rapoza, did not follow any objective guidelines.  *Id.*, ¶ 8.

Defendant Paula M. Carey is the Chief Justice of the Trial Court, not the Appeals Court. *Id.*, ¶ 6.  The Massachusetts Trial Court provides administrative services to the Appeals Court. *Id.*, ¶ 45.  Plaintiffs are required to obey directives of the Director of Security for the Massachusetts Trial Court, Jeffrey Morrow.  *Id.*, ¶ 46.  The Trial Court administers contracts for the judiciary, including hearing grievances of unionized Appeals Court Court Officers, and negotiating the collective bargaining agreements for both the Appeals Court and the Trial Court. *Id.*, ¶¶ 47, 49.  Plaintiffs seek prospective injunctive relief ordering Carey and Defendant Kafker (in his official capacity as Chief Justice of the Appeals Court) to reopen the Appeals Court Chief Court Officer position, and an injunction requiring Carey and Kafker to prepare and maintain applicant flow information and a utilization analysis, in order to compare the composition of the

Trial Court and Appeals Court workforce to the availability of workers with requisite skills in applicable labor market areas.  *Id.*, ¶ 60.

## ARGUMENT

The plaintiffs do not allege that they were employed by the Trial Court at any time relevant to this action, or that any action of the Trial Court harmed them in any way.  The pleadings therefore fail to state a claim against Chief Justice Carey under any theory of recovery.

The only claim asserted against Chief Justice Carey is for injunctive relief under 42 U.S.C. § 1983[1] for violation of 42 U.S.C. § 1981 (Count 1).[2]  "Among the many statutes that combat racial discrimination, § 1981 . . . has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race."  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006).  "To state a claim under § 1981, a plaintiff must show that (1) she is a member of a racial minority; (2) the defendant discriminated against her on the basis of her race; and (3) the discrimination implicated one or more of the activities listed in the statute, including the right to make and enforce contracts."  *Hammond v. Kmart Corp.*, 733 F.3d 360, 362 (1st Cir. 2013).

---

[1] "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

[2] 42 U.S.C. § 1981 reads:

> (a) Statement of equal rights
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
> (b) "Make and enforce contracts" defined
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
> (c) Protection against impairment
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

There must be a "sufficient nexus between the asserted discrimination and some contractual right or relationship." *Id.* at 363, (quoting *Garrett v. Tandy Corp.*, 295 F.3d 94, 98 (1st Cir. 2002). "To state a claim a plaintiff must 'initially identify an *impaired* "contractual relationship," § 1981(b), under which the plaintiff has rights.'" *Id.* at 364 (quoting *Domino's Pizza*, 546 U.S. at 476) (emphasis added by First Circuit). "Absent this requirement, § 1981 would become a catch-all remedy to racial discrimination, 'produc[ing] satellite ... litigation of immense scope.'" *Id.* (quoting *Domino's Pizza*, 546 U.S. at 479).

The plaintiffs have not alleged that the Trial Court discriminated against either of them on the basis of their race, nor have they alleged the required nexus between any alleged discrimination and an impaired contractual relationship. They have alleged only that the Trial Court has some administrative overlap with the Appeals Court, unconnected to the alleged wrongdoing. The Trial Court's alleged role with respect to the collective bargaining agreement with the plaintiffs' union is not alleged to have had any discriminatory effect with respect to the plaintiffs, nor is there any allegation that plaintiffs' rights under the CBA or any other contract were impaired by the actions of the Trial Court. As a result, the Court should grant judgment on the pleadings on behalf of Chief Justice Carey in her official capacity.

## **CONCLUSION**

For the foregoing reasons, Defendant Paula M. Carey, Chief Justice of the Trial Court, in

her official capacity requests that the plaintiff's claim against her be dismissed.

PAULA M. CAREY, CHIEF JUSTICE of the
TRIAL COURT, in her official capacity,

By her attorneys,

/s/ Daniel G. Cromack_____
Jeffrey T. Collins, BBO#640371
Daniel G. Cromack, BBO#652252
Assistant Attorneys General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108
617-727-2200
jeffrey.collins@state.ma.us
daniel.cromack@state.ma.us

February 17, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to
the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Daniel G. Cromack_____
Daniel G. Cromack
Assistant Attorney General